### HANSON v. HOGAN et al.

(Supreme Court, Appellate Term. November 24, 1908.)

MASTER AND SERVANT (§ 278*)—INJURIES TO SERVANT—ACTIONS—EVIDENCE.
    While the fact that a winch reversed while a servant was pulling in rope over one of its drums, and caused the rope to run the opposite way, whereby the servant went over the winch and struck a hatch comb, might prove the fact of accident and injury, it would not prove the violation of legal obligation by the master.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 278.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

. Action by Charles Hanson against Charles W. Hogan and another, copartners. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

James B. Henney, for appellants.
Charles Swanson, for respondent.

PER CURIAM. The plaintiff brings his action under the employer's liability act to recover for personal injuries alleged to have been received under the employment of the defendants while he was working at, and in consequence of a defect in, a winch used in unloading a vessel at Pier 39, North river. He so timely notified his employers in writing, but his testimony fails to establish a defect. That the winch reversed while he was pulling in rope over one of its drums, and caused the rope to run the opposite way, whereby the plaintiff

went over the winch and struck the hatch comb, may prove the fact of accident and injury, but not the violation of legal obligation on the part of his employers, the defendants. The judgment herein in his favor should therefore be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.